**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

FEB 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL D. NELSON,<br><br>                Plaintiff - Appellant,<br><br>        v.<br><br>MATRIXX INITIATIVES, INC., a Delaware corporation and ZICAM, LLC, an Arizona limited liability company,<br><br>                Defendants - Appellees. | No. 12-17455<br><br>D.C. No. 3:09-cv-02904-WHA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted January 16, 2015[**]
San Francisco California

Before: WALLACE, M. SMITH, and FRIEDLAND, Circuit Judges.

Michael Nelson appeals from the district court's orders excluding Nelson's

two expert witnesses on specific causation, and granting Matrixx's motion for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

summary judgment.  Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal.  We affirm.

In a toxic tort case in California, a plaintiff must show both general causation, which is "that the substance at issue was capable of causing the injury alleged," and specific causation, which is "that the substance caused, or was a substantial factor in causing, the specific plaintiff's injury." *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 836 (9th Cir. 2011) (citing *Jones v. Ortho Pharm. Corp.*, 209 Cal. Rptr. 456, 462 (Cal. Ct. App. 1985)).  General and specific causation "must be proven within a reasonable medical probability based upon competent expert testimony."  *Jones*, 209 Cal. Rptr. at 460.

Nelson offered Drs. Davis and Hwang as experts on the issue of specific causation, and both Drs. Davis and Hwang relied on differential diagnosis for their expert opinions that Nelson's smell loss was caused by Zicam.  "Differential diagnosis is a common scientific technique, and federal courts, generally speaking, have recognized that a properly conducted differential diagnosis is admissible under *Daubert*."  *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1057 (9th Cir. 2003).  However, "expert testimony that neglects to consider a hypothesis that might explain the clinical findings under consideration may also be unreliable."  *Id.*

at 1058. Elimination of the potential causes "must be founded on more than 'subjective beliefs or unsupported speculation.'" *Id.* (quoting *Claar v. Burlington N. R.R. Co.*, 29 F.3d 499, 502 (9th Cir. 1994)).

The district court excluded Dr. Davis's testimony and expert report, and Dr. Hwang's testimony, because it found that neither expert was able to provide a reliable method for ruling in Zicam, or ruling out age or the cold virus as the cause of Nelson's smell loss. As the district court states, "[b]oth age and the cold virus are well-established, common causes of smell loss." The district court did not abuse its discretion in concluding that Nelson's two expert witnesses were not sufficiently reliable on the issue of specific causation, and in excluding both experts on that basis.

After excluding Drs. Davis and Hwang, the court granted Matrixx's motion for summary judgment because Nelson had provided no additional expert testimony on the issue of specific causation and therefore could not prove a necessary element in his case. Without any reliable expert witness testimony on specific causation, the district court correctly granted Matrixx's motion for summary judgment.

Finally, because none of Nelson's remaining arguments find support in either the facts or law, the district court correctly declined to shift the burden of

proving causation to Matrixx, correctly precluded reliance on FDA action or discovery of third party medical histories, and correctly rejected Nelson's claim to recover the purchase price of Zicam.

**AFFIRMED.**